IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION


UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )
        v.                       )        Case No. 11-00102-01-CR-W-HFS
                                 )
MARY EARLENE JUDD,               )
                                 )
        Defendant.               )


**MEMORANDUM TO COUNSEL**


        I accepted the guilty plea, based on a theory that misuse of general authority in check

preparation and signing could be treated as a forgery when there was no specific authority to sign

(and when signing for private purposes was an embezzlement).  This seems to be a practice that is

not contested.  United States v. Kimbrough, 2008 WL 4737437 (11th Cir.) (signature stamp

authority for "emergencies" misused).  The term "forgery" is said to be ambiguous in these

circumstances, and thus will be construed against an insurer that uses the term.  Filor, Bullard &

Smith v. Insurance Company of North America, 605 F.2d 598 (2d Cir. 1978) (company president's

checks drawn and signed for embezzlement).  See also Quick Service Box Co., Inc. v. St. Paul

Mercury Indemnity Co. of St. Paul, 95 F.2d 15 (7th Cir. 1938).  As indicated in Filor, earlier New

York law may reject forgery classification in these circumstances.  605 F.2d at 602.

        In a contested prosecution it would be arguable that the rule of lenity would require

construing the ambiguity in favor of a defendant.  As explained by counsel, however, use of the

forgery statute may help defendant at sentencing.  Thus, it seems acceptable.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

April  27 , 2011

Kansas City, Missouri