# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

-vs-                                          **Case No.: 11-00102-01-CR-W-HFS**

**MARY EARLENE JUDD,**

                      **Defendant.**                  **USM Number: 23078-045**

                                                                            Robert Kuchar, AFPD
                                                                                818 Grand, Suite 300
                                                                                Kansas City, MO 64106

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Information on 4/21/2011. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 513(a) | Forging the Security Instruments of an Organization | April 30, 2008 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                               Date of Imposition of Sentence: August 30, 2011

                                                              /s/Howard F. Sachs
                                                              HOWARD F. SACHS
                                                              SENIOR UNITED STATES DISTRICT JUDGE

                                                              August 31, 2011

# PROBATION

The defendant is hereby placed on probation for a term of **5 years.**

While on probation, the defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

    If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency

without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF PROBATION

The defendant shall also comply with the following special conditions of probation:

1. The defendant shall pay any restitution balance during the first **54 months** of supervision on the schedule set by the Court.

2. The defendant shall provide the Probation Officer access to any requested financial information.

3. The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the Probation Office, while Court-ordered financial obligations are outstanding.

4. The defendant shall not be employed as a bookkeeper, treasurer, or in any other position where she has access to financial accounts without prior approval of the Probation Office.

5. The defendant shall submit her person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

6. The defendant shall be monitored by the form of location monitoring indicated below for a period of 6 months, and shall abide by all technology requirements: **Radio Frequency (RF) Monitoring**

    This form of location monitoring technology shall be utilized to monitor the following restrictions on the defendant's movement in the community as well as other court-imposed conditions of release:

    You are restricted to your residence at all times except for employment; education; religious services; medical; substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).

    The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and/or probation officer.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____  
Defendant                                                                    Date

_____     _____  
United States Probation Officer                               Date

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | Waived | $124,406.25 |

The special assessment of $100.00 is due immediately.

Since the Court finds the defendant does not have the ability to pay a fine, the fine is waived.

The preliminary order of forfeiture is finalized and imposed.

Restitution in the amount of $124,406.25 is imposed. A lump sum payment of the full amount is ordered due immediately. If unable to pay the full amount immediately, the defendant shall make payments of at least 10 percent of earnings while incarcerated and monthly payments of $300.00 or 10 percent of gross income, whichever is greater, while on supervision, to commence 30 days from the date of this judgment.

Restitution shall be paid to the victims in the amounts identified in the presentence report and below.

Since the Court finds the defendant does not have the ability to pay interest, any interest is waived.

All payments shall be made through the Clerk of the Court, U.S. District Court, 400 E. 9th Street, Room 1150, Kansas City, MO 64106.

While restitution is still owed, the defendant shall notify the United States Attorney of any change of residence within 30 days, and notify the Court and the United States Attorney when there is a material change in the defendant's economic circumstances.

| Name of Payee | Total Loss | Restitution Ordered |
|---|---|---|
| Missouri Presbytery of the Cumberland Presbyterian Church<br>Attn: Paul Griffin, Chairman<br>2328 S. Jefferson<br>Lebanon, MO 65536 | $73,354.43 | $73,354.43 |
| Pleasant Grove Cumberland Presbyterian Church<br>Attn: Gary Moore, Session Clerk<br>P.O. Box 97<br>Knob Noster, MO 65336 | $ 50,804.82 | $ 50,804.82 |
| Gary Moore<br>P.O. Box 97<br>Knob Noster, MO 65336 | $ 247.00 | $247.00 |